MAY & DUDLEY *v.* THE OHIO FALLS CAR COMPANY.

Attachment—Garnishment—Appearance—Jurisdiction.

> The mere presence of an officer of a foreign corporation in this State, casually, does not give a plaintiff a right of action, that a garnishment served on said officer for a debt due in Indiana, would be sufficient to give the court jurisdiction.

APPEAL FROM JEFFERSON CIRCUIT COURT, C. P. DIVISION.

April 30, 1872.

OPINION OF THE COURT BY JUDGE HARDIN:

This was an ordinary action, founded on a judgment of a court in Indiana, against Joseph J. Conway, a non-resident of this State, and only constructively before the court. Upon the affidavit of the plaintiff an order of attachment was issued, which was returned executed by delivering a copy to J. W. Sprague, the president of the Ohio Falls Car Company, a corporation located in, and created by the laws of Indiana, and which, it appears, was indebted to Conway, as one of its employes in the State of Indiana, Sprague being casually in Kentucky when served with a copy of said order.

The court of common pleas having, in effect, adjudged the service inoperative to bring the corporation within its jurisdiction, as a garnishee, the plaintiffs have appealed to this court. The jurisdiction of the court depending on the levy of the process on some property of Conway, or its service as to some debt owing to him in Kentucky, the essential question to be determined is

whether the mere presence of one of the officers of the corporation
in this State brought with him the right of Conway as against the
corporation, or gave his debt any tangible existence or legal *situs*
here. We are of the opinion that it did not.

The judgment is therefore affirmed.

*G. V. Hawk & Son, for appellants.*
*Gibson & Son, for appellees.*